# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| CURTIS DALE MOTES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 6:20-cv-01106-LSC |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OF OPINION

Before the Court is Plaintiff's Motion to Remand. (Doc. 4.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiff's motion is due to be denied.

### I.   BACKGROUND[1]

Plaintiff Curtis Motes ("Motes") brings this action against Defendant Zurich American Insurance Company ("Zurich") and twenty-five fictitious defendants. Motes asserts a state law claim against Zurich and the fictitious defendants to recover benefits under his uninsured and underinsured motorist policy.

---

[1] The following facts are taken from Plaintiff Curtis Motes's Complaint (doc. 1) and "other papers" submitted by Zurich (docs. 1, 6), and the Court makes no ruling on their veracity.

On February 15, 2019, Motes was driving his vehicle when he was run off the road by William McBryde. At the time of the accident, Motes had an insurance policy with Zurich, which included coverage for uninsured and underinsured motorists. As a result of the accident, Motes suffered injuries for which he requested payment from Zurich under his insurance policy. Motes was diagnosed with acute knee pain after going to the emergency room and receiving x-rays, which totaled $1,805. He received physical therapy to treat his knee, totaling $5,728. When physical therapy failed to alleviate his pain, Motes required surgery to repair a torn meniscus.

Prior to filing suit, Motes demanded $160,000 from Zurich to "settle his claim," insisting that he would initiate legal proceedings if Zurich failed to meet his demand. (Doc. 1 at 14.) After negotiations failed, Motes filed suit requesting damages for physical injuries, medical expenses, physical pain and impairment, lost wages, and mental anguish "not to exceed $74,999." (*Id.* at 10.)

Motes originally filed suit in the Circuit Court of Walker County, Alabama, on June 24, 2020. (Doc. 1.) Zurich was served on July 2, 2020, and filed a timely Notice of Removal on August 3, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. On September 01, 2020, Motes filed a Motion to Remand, claiming that Zurich failed to demonstrate this case meets the amount in controversy

requirement for diversity jurisdiction; therefore, the Court lacked subject matter jurisdiction. (Doc. 4.) Zurich filed a Response in Opposition to Plaintiff's Motion to Remand. (Doc. 6.) Motes filed a Reply to Defendant's Response in Opposition to Plaintiff's Motion to Remand. (Doc. 7.)

## II.    STANDARD OF REVIEW

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Where a defendant's notice of removal makes a good-faith claim asserting the amount in controversy, his "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

However, when a defendant's amount in controversy allegation is "contested by the plaintiff or questioned by the court," *id.*, then "both [plaintiff and defendant] submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 554. The Court must

find that it is "more likely than not" that the plaintiff could recover more than $75,000 from the defendants in order for diversity jurisdiction to exist. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The removing party bears the burden of proof to establish that the amount in controversy exceeds the jurisdictional minimum. *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). The "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

### III. DISCUSSION

At issue is whether Zurich proved by a preponderance of the evidence that the amount in controversy is satisfied for diversity jurisdiction.[2] Zurich argues that Motes's Complaint exceeds the amount in controversy required for diversity jurisdiction as evidenced by the relief sought and Motes's demand letter requesting $160,000 to settle his claim. Motes countered, arguing that Zurich cannot prove to a legal certainty that the amount in controversy is satisfied.

Motes applied the incorrect standard for a defendant's burden on removal. As stated, a defendant must show that the amount in controversy more likely than not exceeds the jurisdictional minimum of $75,000. This is a "preponderance of the

---

[2] Zurich demonstrated complete diversity between parties in the Notice of Removal. (*See* doc. 1.) For the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

evidence" standard, not proof to a "legal certainty." Motes relies on outdated caselaw to support his proposition that Zurich failed to meet its burden. Motes cites to *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994), in support of the "legal certainty" standard. However, *Burns* predates the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, § 103, 125 Stat. 758, 760 (2011), which amended 28 U.S.C. § 1446 and codified the proper standard as a preponderance of the evidence. Applying the correct standard, Zurich has met its burden.

Zurich provided medical bills showing that Motes required an emergency room visit with x-rays totaling $1,805, and physical therapy sessions totaling $5,728. Furthermore, Motes required surgery including an arthroscopy of his knee and a condroplasty of his medial femoral condyle. Thus, it is more likely than not that the amount in controversy is satisfied.

Motes points to emails between the parties discussing settlement as evidence the amount in controversy is less than $75,000. While the Court considers these emails as part of its analysis, the evidence presented by Zurich is sufficient satisfy the burden for removal. Motes also argues that because he stated that his damages did not exceed $74,999 on the face of his complaint, that this should be controlling. However, this request is not binding on Alabama courts, therefore is not

determinative of the amount in controversy. *See* Ala. R. Civ. P. 54(c); *see also* 28 U.S.C. § 1446(c)(2)(A)(ii) (allowing for the defendant to "assert the amount in controversy if the initial pleading seeks . . . a monetary judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded"). Zurich has met its burden and demonstrated by a preponderance of the evidence that the amount in controversy is satisfied. Thus, the Court has subject matter jurisdiction over this matter. Accordingly, Motes's Motion to Remand (doc. 4) is due to be denied.

### IV. CONCLUSION

For the reasons stated above, the Court is satisfied it has subject matter jurisdiction in this case. Accordingly, Motes's Motion to Remand (doc. 4) is due to be denied. Additionally, Motes's Motion to Stay Deadlines (doc. 8) is due to be denied. A separate order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on October 2, 2020.

L. Scott Coogler
United States District Judge

202892